722 P.2d 391

**In the Matter of the APPEAL IN PINAL COUNTY, JUVENILE ACTION NO. J-1503.**

**No. 2 CA-JV 006.**

Court of Appeals of Arizona, Division 2, Department A.

June 19, 1986.

Clemans & Brune, By Michael J. Brune, Casa Grande, for Minor.

Roy A. Mendoza, Pinal County Atty., By Jeanne M. Benda, Florence, for State.

OPINION

FERNANDEZ, Judge.

The juvenile appeals from an adjudication finding him delinquent for robbery and for theft of $500 or more but less than $1,000. The trial court ordered him confined until his eighteenth birthday.

The facts show that on January 19, 1986, the juvenile snatched a purse from a woman in Apache Junction. Minutes later the juvenile was apprehended. The woman's purse and the wallet from within the purse were found on the ground along the juvenile's escape route, and the only property missing from the purse was less than $20 in currency, a sum which was found on the juvenile. Still inside the purse when it was recovered, concealed in a secret compartment, was $530 in currency. For our purposes, we may assume that the minor never knew of the existence of the currency in the secret compartment.

The juvenile's sole argument on appeal is that, since he was unaware of the property within the purse and since that property served to increase the offense to theft of more than $500, the requirement of the statute that he knowingly control the property of another was not met and he was found guilty of too great a degree of theft. There is no merit to this contention.

A.R.S. § 13-1802 states, in pertinent part:

"A. A person commits theft if, without lawful authority, such person knowingly:

1. Controls property of another with the intent to deprive him of such property; . . . .

\* \* \* \* \* \*

C. . . . Theft of property or services with a value of five hundred dollars or

more but less than one thousand dollars is a class 4 felony...."

The statute does not require that the thief knowingly control the property of another worth a certain sum. The knowing control goes only to the property of another. The breakdown of the degrees of the offense for punishment purposes does not require a knowing mental state. The juvenile does not contend that he did not knowingly control the woman's purse, and he admits that a thief does not need to know the value of the property he steals. Therefore, it follows that the thief must bear the consequences for stealing an item whose value is not known by the thief. There is no difference between a thief who steals an empty purse which, because of its workmanship and materials, happens to be worth $530 and the facts of this case. The juvenile knowingly controlled the purse and necessarily controlled its contents; therefore, he must bear the consequences of his actions.

The adjudication and commitment order are affirmed.

HATHAWAY, C.J., and HOWARD, P.J., concur.